```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDDIE HUNTER,                       )
                                    )
              Plaintiff             )    Civil Action No. 06-1023
                                    )
        vs.                         )    Judge Joy Flowers Conti/
                                    )    Magistrate Judge Lisa
                                    )    Pupo Lenihan
WILLIAM SCHOUPPE, Warden of Beaver  )
County Jail,                        )
              Defendants            )
                                    )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

### REPORT

Eddie Hunter ("Plaintiff"), is a pre-trial detainee at the Beaver County Jail.  He has filed a pro se civil rights suit pursuant to 42 U.S.C. § 1983  against William Schouppe, the Warden of the Jail.  Plaintiff has been granted in forma pauperis status to pursue this suit.  Doc. 2. In the pre-printed civil rights complaint form, Plaintiff claims in full that

> Since my incarceration here in the Beaver County Jail I
> have not had access to a law library to research my
> case, and prior cases of a similar nature.  I filed two
> grievances [which Plaintiff attached to the complaint]
> in regards to this but was told that there is a
> computer which circulates thru the jail that I could
> use to research my case.  Since May 8th 2006 this
> computer was only on the pod where I'm housed twice.

> Both times only one person at a time was allowed to
> access the computer.  So if you aren[']t computer
> literature [sic] its useless to you.  Also the computer
> does not allow a person to research all prior cases,
> formulate or file motions or give a person anything
> other than basic information, which defines rules of
> criminal procedure in Pennsylvania.

Doc. 4 at ¶ IV.C. 2-3.  Plaintiff attached to his complaint two

grievances that he filed with the Jail concerning the very claims

he is making herein.  In one of the grievances he makes clear

that he is complaining about the inability to do research on his

criminal case that is pending against him.  In the "Nature of

Grievance" section of the form, he complains about the "failure

to provide inmates with access to a law library and this prevents

inmates from learning about legal ramifications which concern

their charges of committment [sic]."  Doc. 4 at 4.  Accord Second

Grievance attached (wherein he complained about the "[l]ack of

legal materials to do research on my charges of committment

[sic]."  Id. At 5.

**A. Applicable Legal Principles**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No.

104-134, 110 Stat. 1321 (1996), Congress adopted major changes

affecting civil rights actions brought by prisoners in an effort

to curb the increasing number of frivolous and harassing law

suits brought by persons in custody.  See Santana v. United

States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA required

courts to sua sponte dismiss complaints or claims by prisoners if

2

they failed to state a claim. See, e.g., 28 U.S.C. § 1915(e) & § 1915A; 42 U.S.C. § 1997e; Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999) (Table). Because Plaintiff is a "prisoner"[1] and has been granted IFP status, the screening provisions of 28 U.S.C. § 1915(e) apply.  In addition, because Plaintiff is a "prisoner",[2] seeking to challenge "prison conditions," the screening provisions of 42 U.S.C. § 1997e applies as well.  See Booth v. Churner, 206 F.3d 289, 295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) (conditions of confinement include all cases concerning prison and hence, all cases concerning prison are subject to § 1997e).  In addition,

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

[2] 42 U.S.C. § 1997e(h) provides that prisoner "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

because Plaintiff is a "prisoner",[3] seeking "redress from a governmental entity or . . . employee", i.e., Warden Schouppe of the Beaver County Jail, the screening provisions of 28 U.S.C. § 1915A apply. See Funchess v. Doe, No. 96 C 4767, 1997 WL 12785 (N.D. Ill. Jan. 10, 1997) (applying Section 1915A to inmate's claims against county jail staff as employees of a governmental entity). In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) and 1915A, as well as under 42 U.S.C. § 1997e, to determine if the complaint fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

     In reviewing complaints as mandated by the three screening

---

[3]Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

4

provisions of the PLRA and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record, orders, and exhibits attached to the complaint and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. §§ 1915(e) and 1915A as well as under 42 U.S.C. § 1997e are the same as under a 12(b)(6) motion, the court may, under the three PLRA screening provisions, consider matters of which it may take judicial notice. See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when

5

judging the work product of an attorney.  <u>Haines v. Kerner</u>, 404
U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under
all three screening provisions of the PLRA, where the court
determines that the facts as alleged by the plaintiff taken as
true and viewed in a light most favorable to the plaintiff, fail
to state a claim as a matter of law. <u>See</u>, <u>e.g.</u>, <u>Gould
Electronics, Inc. v. U.S.</u>, 220 F.3d 169, 178 (3d Cir. 2000) ("In
a Rule 12(b)(6) motion, the court evaluates the merits of the
claims by accepting all allegations in the complaint as true,
viewing them in the light most favorable to the plaintiffs, and
determining whether they state a claim as a matter of law.").

Although Plaintiff's complaint does not specifically
reference any federal law claimed to be violated by Warden
Schouppe, a liberal reading of the complaint permits an inference
that Plaintiff is suing Warden Schouppe for alleged violations of
Plaintiff's federal constitutional right of access to the Courts.
Accordingly, the court construes Plaintiff to be bringing a claim
arising under the Civil Rights Act of 1871, codified at 42 U.S.C.
§ 1983 (Section 1983).  <u>Arpin v. Santa Clara Valley Transp.
Agency</u>, 261 F.3d 912, 925 (9th Cir.  2001)("a litigant
complaining of a violation of a constitutional right does not
have a direct cause of action under the United States
Constitution but must utilize 42 U.S.C. § 1983."); <u>Pauk v. Board</u>

of Trustees of City University of New York, 654 F.2d 856 (2d Cir
1981)(where a federal statute governing civil action for
deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983,
an implied cause of action grounded on Constitution is not
available), overruling on other grounds as recognized in,
Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879
(E.D.N.Y. 1986).

      To state a claim for relief under 42 U.S.C. § 1983, the
Civil Rights Act, a plaintiff must meet two threshold
requirements.  He must allege: 1) that the asserted misconduct
was committed by a person acting under color of state law; and 2)
that as a result, he was deprived of rights, privileges, or
immunities secured by the Constitution or laws of the United
States.  West v. Atkins, 487 U.S. 42 (1988). Even liberally
construing the Plaintiff's complaint, the only right the
complaint alleges a denial of is Plaintiff's constitutional
right of access to the courts.  See, e.g., Alexander v. Leone,
No. Civ. 03-2163, 2005 WL 1863664, *2 (D.N.J. July 28, 2005)
("Liberally construing Plaintiff's allegations and accepting them
as true, the Court reads the instant Complaint as potentially
raising the following claims under 42 U.S.C. § 1983: (A) the
failure to provide ... sufficient access to the prison law
library, and the opening of incoming legal mail, violated
Plaintiff's right of access to the courts under the First

Amendment, applicable to states through the Fourteenth
Amendment").

**C. Discussion**

The court takes judicial notice of the dockets of the Court
of Common Pleas of Beaver County.  Those dockets reveal that the
currently pending charges against Plaintiff, Eddie Hunter, are
filed at CP-04-CR-882-2006 and involve retail theft and receiving
stolen property.[4]  The docket of Plaintiff's criminal case also
reveals that Plaintiff has had appointed for him as counsel the
Public Defender's Office in the person of Attorney William
Braslawsce.  Because Plaintiff has appointed counsel to represent
him in the criminal proceedings, he fails to state a denial of
access to courts claim as a matter of law. See, e.g., Lamp v.
Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997) ("For, once the State
has provided a petitioner with an attorney in postconviction
proceedings, it has provided him with the 'capability of bringing
contemplated challenges to sentences or conditions of confinement
before the courts.'") (quoting Lewis v. Casey, 518 U.S. 343, 356
(1996)); Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8th Cir.
1995) (having appointed counsel is one way in which state can
shoulder its burden of assuring access to the courts);  Sanders

---

[4]  The specific docket for Plaintiff's criminal case is at:
http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx
?rt=1&&ct=4&dkt=200272503&arch=0&ST=9/29/2006%209:13:25%20AM

v. Rockland County Correctional Facility, No. 94 Civ. 3691, 1995
WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of
counsel, plaintiff was afforded meaningful access to the courts
in his trial.").

For example, in the case of Rogers v. Thomas, No. 94-4692,
1995 WL 70548 at *2 (E.D. Pa. Feb. 17, 1995), aff'd, 65 F.3d 165
(3d Cir. 1995) (Table), the prisoner therein claimed a denial of
access to the courts as does Plaintiff herein.  In Rogers, a
prisoner's legal papers relating to the appeal of his criminal
conviction were seized by a corrections officer.  "The legal
materials at issue consisted of 'legal research notes, court
orders, affidavits, letters, and pleadings.'"  Id. at *1.  The
plaintiff in Rogers was represented by counsel in his direct
appeal, much like the Plaintiff herein is represented by counsel
in his criminal trial proceedings.  The plaintiff in Rogers
claimed the confiscation of his legal papers violated his right
of access to the courts.  In rejecting this claim, the court held
that despite the fact that the inmate's legal papers were taken
by prison officials, "plaintiff was not denied access to the
courts because he was represented by court-appointed counsel,
during the entire pendency of the appeal to which the legal
papers related.  Thus, plaintiff was actually provided with, not
denied, legal assistance." Rogers, 1995 WL 70548 at *2.  This
rule of law that providing prisoners with counsel fulfills their

right of access to the courts makes eminent sense in light of

Bounds v. Smith, 430 U.S. 817 (1977), one of the landmark cases

in right of access jurisprudence, which declared that inmates'

right of access to the courts may be satisfied by "providing

prisoners with adequate law libraries **or** adequate assistance from

persons trained in the law."  Id., 430 U.S. at 828 (emphasis

added).  Accordingly, because Plaintiff has counsel for the

criminal proceedings which he wishes to conduct research on,

Plaintiff's complaint fails to state a claim for denial of access

to the courts as a matter of law.

Even if Plaintiff would refuse court appointed counsel, and

would choose to proceed pro se in his criminal charges, the fact

that he had been offered legal assistance and had refused such

assistance would negate any claim of denial of access to the

courts.  See, e.g., Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir.

1996) (*per curiam*) (where pretrial detainee was offered state

appointed counsel but he subsequently rejected such counsel in

order to proceed pro se, state did not violate detainee's right

of access to the courts by hindering his access to a law library;

"having rejected the assistance of court-appointed counsel,

[detainee] Degrate had no constitutional right to access a law

library in preparing the pro se defense of his criminal trial.");

Love v. Summit County, 776 F.2d 908, 914 (10th Cir. 1985), cert.

denied, 479 U.S. 814 (1986) (state is entitled to choose whether

it will meet its obligation to provide access to the courts by providing an adequate law library or by providing legal assistance in the form of an attorney).

As even the most liberal reading of the complaint reveals no violation of Plaintiff's constitutional rights, the complaint should be dismissed.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


                                        /s/Lisa Pupo Lenihan
                                        Lisa Pupo Lenihan
                                        U.S. Magistrate Judge

Dated: September 29, 2006


cc:  The Honorable Joy Flowers Conti
     United States District Judge

     Eddie Hunter
     Beaver County Jail
     6000 Woodlawn Boulevard
     Aliquippa, PA 15001